UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK WHITE,

     Plaintiff,

v.

MICHIGAN DEPARTMENT OF
CORRECTIONS, *et al*.,

     Defendants.

Case No.  2:23-cv-10592

Honorable Denise Page Hood

## OPINION AND ORDER OF PARTIAL SUMMARY DISMISSAL

Plaintiff Mark White, a Michigan state prisoner confined at the Thumb
Correctional Facility in Lapeer, Michigan, brings this *pro se* lawsuit under
42 U.S.C. § 1983 and the Americans with Disabilities Act (ADA).  In his
complaint, Plaintiff sues the Michigan Department of Corrections (MDOC),
MDOC Director Heidi Washington, Dentist Smith, Corrections Officer
Marvin Mosely, Sergeant Garrow, Counselor Young, and the County of
Saginaw for alleged violations of his constitutional rights.  Plaintiff sues
defendants in their official and individual capacities and seeks
compensatory and injunctive-type relief.  All events in the complaint
occurred at the G. Robert Cotton Correctional Facility in Jackson, Michigan.

Having reviewed the matter and for the reasons stated herein, the

Court determines that Plaintiff's claims against defendant County of Saginaw are misjoined under Federal Rule of Civil Procedure 20(a)(2) and, therefore, dismisses those claims and defendant without prejudice. Further, the Court dismisses defendant MDOC, and Plaintiff's claims for monetary damages and non-prospective injunctive relief against the MDOC defendants in their official capacities on the basis of immunity.

## I.

Plaintiff has been granted *in forma pauperis* status.  (ECF No. 11.) Under the Prison Litigation Reform Act of 1996 (PLRA), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B).  The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A.  A complaint is frivolous if it lacks an arguable basis in law or in

fact.  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A *pro se* civil rights complaint is to be construed liberally.  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought."  Fed. R. Civ. P. 8(a)(2), (3).  The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted).  While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal principles or conclusions.  *Twombly*, 550 U.S. at 555.  Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' "  *Id.* (quoting *Twombly*, 550 U.S. at 555).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' "  *Id.* (quoting *Twombly*, 550 U.S. at 557).

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009).

## II.

First, the Court dismisses Plaintiff's claims against the County of Saginaw on the basis of misjoinder. Because Plaintiff's complaint involves multiple claims and multiple defendants, the issue of misjoinder arises. Fed. R. Civ. P. 21 provides this Court with the authority to *sua sponte* dismiss or sever parties and claims in a civil action due to misjoinder. Rule 21 provides:

> Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.

Fed. R. Civ. P. 21. *See also Safeco Ins. Co. of Am. v. City of White House, Tenn.,* 36 F.3d 540, 545, n. 1 (6th Cir. 1994) ("Parties may be dropped . . . by order of the court . . . at any stage of the action and on such terms as are just."); *Coalition to Defend Affirmative Action v. Regents of Univ. of Mich.*, 539 F. Supp. 2d 924, 940 (E.D. Mich. 2008).

The joinder of claims, parties, and remedies is "strongly encouraged" when appropriate to further judicial economy and fairness. *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966). This does not mean, however, that parties should be given free reign to join multiple plaintiffs and multiple defendants into a single lawsuit when the claims are unrelated. *See, e.g., Pruden v. SCI Camp Hill*, 252 F. App'x 436, 437 (3d Cir. 2007) (per curiam); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *Coughlin v. Rogers*, 130 F.3d 1248, 1350 (9th Cir. 1997); *Proctor v. Applegate*, 661 F.Supp.2d 743, 778 (E.D. Mich. 2009) (adopting magistrate judge's report). Prisoners should not be allowed to proceed with multiple defendant litigation on unrelated claims in order to circumvent the filing fee requirements for federal civil actions or the PLRA's three strikes provision. *See, e.g., George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *Patton v. Jefferson Corr. Ctr.*, 136 F.3d 458, 464 (5th Cir. 1998).

Federal Rule of Civil Procedure 18 governs the joinder of claims and Federal Rule of Civil Procedure 20 governs the permissive joinder of parties. Rule 18(a) provides: "A party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). Rule 20(a)(2) addresses when multiple defendants may be joined in one action. It provides:

> Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2).  When multiple parties are named, the analysis under Rule 20 precedes that under Rule 18.  *Proctor*, 661 F. Supp. 2d at 778.  Thus, when joining multiple defendants in a single action, the two-part test of Rule 20(a)(2) must be met.

In this case, Plaintiff does not meet the two-part test of Rule 20(a)(2) for the joinder of multiple defendants.  Plaintiff's claims against the MDOC defendants primarily concern (1) enforcement of unconstitutional MDOC policies and practices, (2) inadequate dental care, and (3) retaliation that occurred during Plaintiff's prison confinement.   In turn, Plaintiff's claims against defendant County of Saginaw primarily concern evidentiary violations that occurred during his trial and, therefore, do not arise out of the same transaction, occurrence, or series of transactions or occurrences as the claims against the MDOC defendants.  The two sets of claims concern different facts, different legal standards, different defendants, and different venues.  Given such circumstances, the Court finds that joinder of the multiple claims and multiple defendants in one civil rights action is inappropriate.

6

As discussed, Federal Rule of Civil Procedure 21 gives the Court discretion to invoke either remedy "on just terms."  Several federal courts have interpreted "on just terms" to mean "without gratuitous harm to the parties."  *See Harris v. Gerth*, No. 08-CV-12374, 2008 WL 5424134, *5 (E.D. Mich. Dec. 30, 2008) (citing cases).  Given that no harm to the parties is apparent from the record, the Court finds that dismissal, rather than severance, of those claims is the more appropriate course of action. Accordingly, the Court shall dismiss the County of Saginaw and Plaintiff's claims against it without prejudice.

Second, the MDOC, and its employees on claims against them in their official capacities, are entitled to Eleventh Amendment immunity. The Eleventh Amendment to the United States Constitution bars civil rights actions against a State and its agencies and departments unless the State has waived its immunity and consented to suit or Congress has abrogated that immunity.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989). The State of Michigan has not consented to being sued in civil rights actions in the federal courts, *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004) (citing *Abick v. Mich.*, 803 F.2d 874, 877 (6th Cir. 1986)), and Congress did not abrogate state sovereign immunity when it enacted 42 U.S.C. § 1983.  *Quern v. Jordan*, 440 U.S. 332, 341 (1979);

*Chaz Const., LLC v. Codell*, 137 F. App'x 735, 743 (6th Cir. 2005). Eleventh Amendment immunity "bars all suits, whether for injunctive, declaratory or monetary relief" against a State and its agencies. *McCormick v. Miami Univ.*, 693 F.3d 654, 661 (6th Cir. 2012) (quoting *Thiokol Corp. v. Dep't of Treasury*, 987 F.2d 376, 381 (6th Cir. 1993)), but does not preclude prospective injunctive relief.  *McCormick*, 693 F.3d at 662 (citing *McKey v. Thompson*, 226 F.3d 752, 757 (6th Cir. 2000)). Eleventh Amendment immunity also applies to state employees who are sued in their official capacities.  *See Hafer v. Melo*, 502 U.S. 21, 25 (1991) (citing *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)); *Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (citing *Cady v. Arenac Co.*, 574 F.3d 334, 344 (6th Cir. 2009)).

The State of Michigan and the MDOC, an agency within the Michigan government, are entitled to Eleventh Amendment immunity.  *See Harrison*, 722 F.3d at 771 (citing cases); *Horton v. Martin*, 137 F. App'x 773, 775 (6th Cir. 2005).  Defendants Washington, Smith, Mosely, Garrow, and Young are employees of the MDOC and thereby the State of Michigan and are sued (in part) in their official capacities, are thus entitled to Eleventh Amendment immunity.  *See Will*, 491 U.S. at 70-71; *Johnson*, 357 F.3d at 545.  Thus, Plaintiff's claims against the MDOC, and Plaintiff's claims for

8

monetary damages and non-prospective injunctive relief against the MDOC defendants in their official capacities must be dismissed with prejudice.

Lastly, the Court finds that Plaintiff's claims against Washington, Smith, Mosely, Garrow, and Young concerning inadequate medical care, retaliation, and enforcement of unconstitutional MDOC policies and practices are not subject to summary dismissal.  While Plaintiff may or may not ultimately prevail on those claims, he has pleaded sufficient facts to state potential claims for relief.

III.

Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the County of Saginaw and the claims against it on the basis of misjoinder. Further, the Court **DISMISSES** the MDOC from this action on the basis of immunity.   The Court also **DISMISSES** Plaintiff's claims for monetary damages against the remaining defendants in their official capacities.

The Court further concludes that Plaintiff's claims against defendants Washington, Smith, Mosely, Garrow, and Young concerning inadequate dental care, retaliation, and enforcement of unconstitutional MDOC policies and practices survive the Court's initial screening process under 28 U.S.C. §§ 1915(e)(2)(b) and 1915A and are not subject to summary dismissal.

9

Lastly, the Court concludes that an appeal from this decision cannot be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**IT IS SO ORDERED.**

s/Denise Page Hood
DENISE PAGE HOOD
United States District Judge

Dated:  June 28, 2023