UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MARK WHITE,<br><br>                Plaintiff,<br><br>v.<br><br>MICHIGAN DEPARTMENT OF CORRECTIONS, *et al*.,<br><br>                Defendants. | Case No. 23-10592<br>Honorable Denise Page Hood<br>Magistrate Judge Elizabeth A. Stafford |

**REPORT AND RECOMMENDATION TO DISMISS DEFENDANTS AND TO DENY MOTIONS AS MOOT (ECF NOS. 13, 20)**

## I.    Introduction

Plaintiff Mark White sues Michigan Department of Corrections (MDOC) employees under 42 U.S.C. § 1983 and the Americans with Disabilities Act (ADA). ECF No. 1; ECF No. 13. The Honorable Denise Page Hood referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1). ECF No. 15.

White filed his complaint in March 2023 and initially proceed pro se and *in forma pauperis*. ECF No. 11. But summonses were not issued, and no defendants were served. Noting that White has been represented by counsel since July 2023, the Court ordered him to show cause why the

claims against the defendants should not be dismissed for failure to serve under Federal Rule of Civil Procedure 4(m).  ECF No. 23.  White filed no response and thus has shown no good cause for failing to serve defendants.  The Court thus **RECOMMENDS** that the claims against the defendants be **DISMISSED** without prejudice.  Because the claims should be dismissed, Court also **RECOMMENDS** that White's pending motions to amend his complaint, ECF No. 13, and motion for relief from judgment, ECF No. 20, be **DENIED AS MOOT**.

II.     Analysis

A.

Federal Rule of Civil Procedure 4(m) requires a plaintiff to serve a defendant within 90 days after filing the complaint.  If the plaintiff does not do so, the Court must dismiss the action without prejudice as to the unserved defendant "or order that service be made within a specified time."  Rule 4(m).  But if the plaintiff shows good cause for the failure, the Court must extend the time for service.  *Id.*; *see also In re Lopez*, 292 B.R. 570, 574 (E.D. Mich. 2003).

For litigants proceeding *in forma pauperis*, "good cause" may depend on the Marshal Service's efforts to serve the defendant.  That is because when a plaintiff proceeds *in forma pauperis*, "the officers of the court shall

issue and serve all process," and the Marshal Service has a duty to make reasonable efforts to serve defendants. 28 U.S.C. § 1915(d) (cleaned up); *see also VanDiver v. Martin*, 304 F. Supp. 2d 934, 939-41 (E.D. Mich. 2004). Thus, "'a plaintiff proceeding in forma pauperis is entitled to rely upon service by the U.S. Marshal and should not be penalized for failure of the Marshal's Service to properly effect service of process, *where such failure is through no fault of the litigant*.'" *VanDiver*, 304 F. Supp. 2d at 940 (quoting *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987)) (emphasis in original).

But "a plaintiff may not remain silent and do nothing to effectuate service," and "at a minimum should request service upon the appropriate defendant *and attempt to remedy any apparent service defects of which a plaintiff has knowledge*." *Id.* at 940 (cleaned up). White did nothing to cure the defect before counsel appeared on his behalf. And after his counsel entered his appearance, he has done nothing to address the lack of service despite this Court's order to show cause. As White has failed to show good cause for his failure to serve the defendants under Rule 4(m), the claims against all defendants should be dismissed without prejudice.

**B.**

White has a pending motion to file an amended complaint to correct a

3

date, state a jury demand, and add a claim that was exhausted after filing his complaint. ECF No. 13. And White moved for relief from judgment, arguing that Judge Hood erred by finding that the Michigan Department of Corrections had Eleventh Amendment immunity. ECF No. 20. But because the Court recommends dismissing White's case for failure to serve any defendant under Rule 4(m), the Court recommends that these pending motions be denied as moot.

### III.   Conclusion

The Court **RECOMMENDS** that White's claims against the defendants be **DISMISSED** without prejudice and that the pending motions, ECF Nos. 13 and 20, be **DENIED AS MOOT**.

                                            s/Elizabeth A. Stafford
                                            ELIZABETH A. STAFFORD
                                            United States Magistrate Judge

Dated: October 4, 2023

### NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party fails to timely file specific objections, any further appeal is waived. *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991). And

only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains.  Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections lack merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 4, 2023.

s/Marlena Williams<br>
MARLENA WILLIAMS<br>
Case Manager