UNITED STATES DISTRICT COURTE
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK WHITE,

    Plaintiff,                                      Civil No. 23-10592

v.                                             Hon. Denise Page Hood

MICHIGAN DEPARTMENT OF
CORRECTIONS, et al.,

    Defendants.
_____/

**ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT
AND AMEND/SUPPLMENT COMPLAINT (ECF No. 37)
AND DENYING MOTION TO SUPPLEMENT THE MOTION FOR
RELIEF FROM JUDGMENT AND AMEND COMPLAINT
AND TO RENAME THE CLAIM (ECF No. 38)**

      This matter is before the Court on Plaintiff Mark White's Motion for Relief from Judgment under Fed. R. Civ. P. 60(b)(1) or (6) and to Amend/Supplement Complaint under Fed. R. Civ. P. 15(a) filed on January 14, 2025.  (ECF No. 37) White thereafter filed a Motion to Supplement the Motion for Relief from Judgment and Amend Complaint and to Rename the Claim.  (ECF No. 38)

      On November 28, 2023, the Court entered an Order Accepting a Report and Recommendation and a Judgment dismissing the Complaint.  (ECF Nos. 26, 27) White filed an Appeal before the Sixth Circuit Court of Appeals, which was dismissed for want of prosecution for failing to pay the proper appeal fee.  (ECF

No. 35)  White seeks reinstatement of the case and to accept his amended complaint for injunctive relief and newly discovered claims of "conspiracy under 42 USC § 1983" against defendants.  (ECF No. 37, PageID.141)

Rule 60(b) of the Federal Rule of Civil Procedure 60(b) allows a federal court to grant relief from a final judgment or order only upon a showing of one of the following reasons:  (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgement that has been reversed or otherwise vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.  Fed. R. Civ. P. 60(b).  Motions based on (1), (2) and (3) must be filed no more than a year after the entry of the judgment or order.  Fed. R. Civ. P. 60(c)(1).  Motions under Rule 60(b)(4) and (6) must be filed "within a reasonable time."  The catch-all provision in subsection (6) is only available when Rules 60(b)(1) through (b)(5) are inapplicable. *Kemp v. United States*, 596 U.S. 528, 533 (2022).  Exceptional and extraordinary circumstances are needed to grant relief under Rule 60(b)(6) and limited to "unusual and extreme

situations where principles of equity mandate relief." *Jones v. Bradshaw*, 46 F.4th 459, 482 (6th Cir. 2022) (emphasis omitted).

White cites Rule 60(b)(1) but does not set forth any reason to support relief from judgment based on a mistake, inadvertence, surprise, or excusable neglect. claiming that his counsel's mistakes have caused this case to be dismissed. In any event, the motion under Rule 60(b)(1) is untimely because it was filed on January 14, 2025, which is beyond the one-year deadline to file such from the Judgment entered on November 28, 2023. Fed. R. Civ. P. 60(c). The Court denies any relief from judgment under Rule 60(b)(1).

White also cites Rule 60(b)(6) to support his request for relief from judgment. The Court finds White has not shown exceptional and extraordinary circumstances needed to grant relief under Rule 60(b)(6). White has not cited any unusual and extreme situations where principles of equity mandate relief. The Court denies the request for relief from judgment under Rule 60(b)(6).

The Court, having denied White's relief from judgment, also denies White's Motion to Amend the Complaint. *See, Morse v. McWhorter*, 290 F.3d 795, 799 (6th Cir. 2002) ("Following entry of final judgment, a party may not seek to amend their complaint without first moving to alter, set aside or vacate judgment pursuant to either Rule 59 or Rule 60 of the Federal Rules of Civil Procedure."); *see also In*

*re Ferro Corp. Derivative Litig.*, 511 F.3d 611, 624 (6th Cir. 2008) (unless post-judgment relief is granted, the district court lacks power to grant a motion to amend the complaint).  For the same reason, White's Motion to Supplement to Rename the Claim is denied because he is seeking to amend the Complaint, which the Court lacks the power to do so.

Accordingly,

IT IS ORDERED that Plaintiff Mark White's Motion for Relief from Judgment under Fed. R. Civ. P. 60(b)(1) or (6) and to Amend/Supplement Complaint under Fed. R. Civ. P. 15(a) (ECF No. 37) is DENIED.

IT IS FURTHERR ORDERED that Plaintiff Mark White's Motion to Supplement the Motion for Relief from Judgment and Amend Complaint and to Rename the Claim (ECF No. 38) is DENIED.

IT IS FURTHER ORDERED that an appeal from this order would be frivolous and would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

s/Denise Page Hood  
Denise Page Hood  
United States District Judge

Dated:  August 5, 2025